QUESTION:
Would ad valorem taxes levied by the Baker County Hospital District, created by Ch. 28887, 1953, Laws of Florida, be subject to the millage limitation set forth by s. 200.071(1), F. S.?
SUMMARY:
The millage limitations contained in s. 9(b), Art. VII, State Const., and s. 200.071(1), F. S., do not by the express terms of such provisions apply to ad valorem taxes pledged as security for the payment of a bond issue.
The information provided this office in connection with this opinion request discloses that the Baker County Hospital District was created by Ch. 28887, 1953, Laws of Florida, a general law of local application, which was approved by the county electorate. The act provides that the district boundaries are coterminous with the county and authorizes the levy of a `Hospital Tax' of no more than 5 mills on the dollar value of all taxable property in the county. Pursuant to s. 10(b) of the act, the governing board of the district, the hospital authority, certifies to the county commission the amount of millage necessary for the ensuing fiscal year, and the commission `shall be compelled to levy the amount of millage so certified.' Finally, the act authorizes the issuance of bonds or revenue certificates secured by a pledge of the `Hospital Tax' or the anticipated revenues to be received by the hospital authority.
Such factual basis, standing alone, is insufficient to take the district outside of the purview of AGO 072-340, in which it was held that the millage limitations of s. 200.071(1), F. S., apply to a countywide hospital district created by an electorate approved special act which expressly provided that the millage limitations of s. 200.071(1) would not be applicable. Such opinion was predicated on s. 11, Art. III, State Const., which prohibits special laws or general laws of local application which pertain to the `assessment or collection of taxes for state or county purposes.' Since s. 200.071(1) is a general law providing for uniformity in assessment levels of county ad valorem taxes, the opinion concluded that a special act authorizing an exception to such uniform levels would be `constitutionally inappropriate.'
One additional factor, however, not present in AGO 072-340, inures to the instant situation. It is noted that the 5-mill tax levy provided for in Ch. 28887, 1953, Laws of Florida, has been pledged as security for the payment of a district bond issue. In 1957, the district sold a bond issue secured in whole or in part by the district's ad valorem taxing power. Pursuant to s. 12(b), Art. VII, this bond issue was retired through the issuance and sale of a refunding bond series in 1976. Again the district's ad valorem taxing power has been pledged as security for refund bond issue.
The millage limitations on ad valorem taxes find their constitutional authorization in s. 9(b), Art. VII, which applies said millage limitations to all `[a]d valorem taxes, exclusive oftaxes levied for the payment of bonds. . . .' (Emphasis supplied.) Further, s. 15, Art. XII. State Const., provides that ad valorem taxing powers vested by law in special districts at the time of adoption of the 1968 Constitution `shall not be abrogated by Section 9(b) of Article VII' but may be restricted or withdrawn by law unless `necessary to pay outstanding debts.' Indeed, it appears that s. 200.071, F. S., is a restriction within the contemplation of s. 15, Art. XII. In enacting such restriction, however, the Legislature expressly provided in s. 200.071(1) that:
 . . . no aggregate ad valorem tax millage shall be levied against real and tangible personal property by counties and districts as herein defined in excess of 10 mills on the dollar of assessed value, except for . . . debt service on obligations issued in connection therewith, and except for that millage authorized in s. 9, Art. VII of the State Constitution. (Emphasis supplied.)
Further, the Legislature provided in s. 200.181(1), F. S., that:
 None of the provisions of this chapter or of any other law, whether general, special or local or of the charter of any municipality or county, shall limit or restrict the rate or the amount of the ad valorem taxes levied for the payment of the principal of and the interest on any debt service whether secured by revenue certificates or by bonds for which the full faith and credit of any county, municipality or taxing distirct may be pledged, and such taxes shall be in addition to all other taxes authorized or limited to law.
In the instant matter, it is noted that application of s.200.071(1), F. S., to the combined county and hospital district levy would leave the hospital district with insufficient funds to satisfy its debt service obligations, which are backed by its 5-mill taxing power. This being so, the aforementioned constitutional and statutory provisions would provide an exception to the millage limitation found in s. 200.071(1) and would authorize the levy of the hospital tax `in addition to all other taxes authorized or limited by law.' Section 200.181(1), F. S.
Prepared by: Harold F. X. Purnell Assistant Attorney General